ATTORNEY FOR HON.
KENNETH R. SCHEIBENBERGER, JUDGE

James P. Fenton
Fort Wayne, Indiana

ATTORNEY FOR THE COMMISSION
ON JUDICIAL QUALIFICATIONS

Meg W. Babcock
Indianapolis, Indiana

# In the
# Indiana Supreme Court

FILED

CLERK
of the supreme court,
court of appeals and
tax court

No. 02S00-0807-JD-396

IN THE MATTER OF THE HONORABLE
KENNETH R. SCHEIBENBERGER, JUDGE
OF THE ALLEN SUPERIOR COURT

JUDICIAL DISCIPLINARY ACTION

**January 21, 2009**

**Per Curiam.**

This matter comes before the Court as a result of a judicial disciplinary action brought by the Indiana Commission on Judicial Qualifications ("Commission") against the Respondent herein, Kenneth R. Scheibenberger, Judge of the Allen Superior Court. Article 7, Section 4 of the Indiana Constitution and Indiana Admission and Discipline Rule 25 give the Indiana Supreme Court original jurisdiction over this matter.

Subsequent to the filing of formal charges by the Commission, the Respondent and the Commission jointly tendered a "Statement of Circumstances and Conditional Agreement for Discipline" in which they stipulated to the following facts. On August 19, 2007, the Respondent's son died accidentally, a contributing factor to which was his son's use of drugs. On November 30, 2007, a criminal defendant, whom the Respondent believed played a tangential or indirect role in his son's drug use, was to be sentenced in the courtroom of Allen

Superior Court Judge Frances C. Gull on a weapons charge. On that day, the Respondent suspended his court session and attended the sentencing hearing in Judge Gull's courtroom, sitting in the gallery wearing his judicial robe. At the conclusion of the sentencing hearing, the Respondent moved to the front of the gallery where two deputy prosecutors were standing. In response to a statement the Respondent had heard during the sentencing hearing about the defendant, the Respondent stated to the deputy prosecutors, "Law-abiding citizen, my ass!" or words to that effect, and said that the defendant was a "drug dealer." The Respondent also turned to three members of the defendant's family, who were seated in the front row of the gallery, and said "Are you related to that piece of shit? Law-abiding citizen, my ass! He'll get what's coming to him" or words to that effect. The Respondent then left the courtroom.

The Respondent and the Commission agree that his behavior violated Canons 1(A)[1] and 2(A)[2] of the Code of Judicial Conduct. The Respondent and the Commission agree that the following are mitigating factors in this case: (a) the Respondent reacted as a grieving parent; (b) he did not attend the sentencing hearing with the intent of confronting the defendant or his family, but rather only to observe; (c) he cooperated fully with the Commission in its investigation of the matter; (d) he has accepted responsibility and is remorseful for his conduct; and (e) he has undertaken appropriate measures to address his grief. The Respondent and the Commission further agree that an aggravating factor in this matter is the fact that in 2002 the Commission issued a Public Admonition against Judge Scheibenberger for taking judicial action in a case in which his son was charged in the Allen Superior Court with a misdemeanor.[3]

---

[1] Canon 1(A) states:

> An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards in order to preserve the integrity and independence of the judiciary. The provisions of this Code are to be construed and applied to further that objective.

Ind. Judicial Conduct Canon 1(A).

[2] Canon 2(A) states, "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Jud. Canon 2(A).

[3] The Commission's Public Admonition found that the Respondent's behavior in 2002 violated Canons 1, 2, 2(B), and 3 of the Code of Judicial Conduct and constituted "conduct prejudicial to the administration of justice." (Stmt. of Circumstances & Conditional Agreement for Discipline, Ex. C.)

Finally, the Respondent and the Commission agree that a three-day suspension from office without salary is an appropriate sanction in this matter. The Court accepts the agreement tendered by the Respondent and the Commission.

Accordingly, the Respondent, Kenneth R. Scheibenberger, Judge of the Allen Superior Court, is hereby suspended from office without pay for a period of three (3) business days, which shall commence on Wednesday, February 11, 2009. This discipline terminates the disciplinary proceedings relating to the circumstances giving rise to this cause. The costs of this proceeding are assessed against the Respondent.

SHEPARD, C.J., and DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.